IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ANGELA DAWN GRYNER                                                              PLAINTIFF

v.                       Civil No. 13-2254

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                  DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Angela Gryner, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff filed for DIB and SSI on March 19, 2009, alleging an onset date of January 8, 2007, due to spine and nerve damages and medication side effects. Tr. 127, 165-171, 188, 209-210, 225, 240. An administrative hearing was held on January 6, 2010, following which the Administrative Law Judge ("ALJ") entered an unfavorable decision on April 16, 2010. Tr. 52-61, 66-102. On November 19, 2012, this Court reversed and remanded the matter for the ALJ to obtain an RFC assessment from Dr. James Queeney. Tr. 925. After contacting Dr. Queeney and being unable to obtain additional evidence from him, the ALJ sent Plaintiff for an orthopedic evaluation with Dr. Ted Honghiran. Tr. 1294, 1282-1289.

A second hearing was held on April 2, 2013. Tr. 935-974. Plaintiff was present and represented by counsel. She was 36 years old and possessed a high school education with three years of college. Tr. 195. She had past relevant work ("PRW") experience as a billing lerk, store clerk, cook, and various other trades. Tr. 189, 201-208, 912.

On October 24, 2013, the ALJ found Plaintiff's disorder of the cervical spine, dependent personality disorder, adjustment disorder with mixed anxiety, depressed mood, and dysthymia to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 902-904. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that she retained the residual functional capacity ("RFC") to perform sedentary work except she is limited to occasional overhead reaching bilaterally; frequent rotation, flexion, or extension of the neck; and work involving simple, routine, and repetitive tasks, requiring only simple work-related decisions, with few, if any workplace changes, and no more than incidental contact with co-workers, supervisors, and the general public. Tr. 904-912. With the assistance of a vocational expert, the ALJ concluded Plaintiff perform work as a machine tenderer, assembler, and inspector. Tr. 913-914.

Subsequently, Plaintiff filed this action. ECF No. 1. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 10, 11.

**II.     Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past

relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § § 404.1520, 416.920 (2003).

### III.   Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). This requires consideration of the combined effects of both severe and non-severe medically determinable impairments. 20 C.F.R. § 404.1545(a); *see Casey v. Astrue,* 503 F.3d 687, 691 n. 3 (8th Cir.2007). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that

4

addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

The ALJ concluded that Plaintiff could perform work involving frequent rotation, flexion, and extension of her neck. However, the record reveals that Plaintiff suffered from chronic cervical pain and cervical radiculopathy. On December 23, 2008, an MRI of Plaintiff's cervical spine showed a herniated disc off the left side at the C5-6 level clearly causing minimal compression of the neural elements and degenerative changes involving the cervical spine. Tr. 376-383, 514-515. This resulted in diagnoses of chronic cervical brachialgia and a herniated nucleus pulposus at the C5-6 level. In January 2009, Plaintiff underwent C5-6 level anterior cervical diskectomy with interbody fusion utilizing allograft and anterior cervical arthrodesis. Tr. 416-421, 429, 431-438, 443-446, 448, 538-542. Sadly, neurosurgeon, Dr. Joseph Queeney, noted that Plaintiff would not have complete relief of her chronic pain and likely already had some permanent nerve damage. Tr. 440-442. In April 2009, Plaintiff reported only a 40 percent improvement in her deep neck pain with tenderness in the neck and was found to have a "very limited" range of motion. Tr. 464-465. And, in late April, Dr. Queeney again explained that the surgery was not designed to alleviate the pain in the back of her neck. Tr. 447.

Records reveal that Plaintiff saw Dr. Van Hoang from April 2009 until August 2009 for treatment of continued chronic neck pain and radiculopathy, receiving Lortab. Tr. 462-465, 497-499. In September 2009, Plaintiff began treatment with Dr. Ronald Myers and George Howell at Roland Wellness Clinic. Tr. 500-508, 1089, 1129-1141, 1168, 1170-1181, 1185-1273, 1296-1316, 1319, 1321-1329. They documented chronic cervical pain with continued radiculopathy

on the left and migraines twice per week. Foraminal compression was also noted on the left side with tenderness to palpation throughout the lumbar region. For this, Plaintiff was prescribed Oxycodone and Methadone.

On January 5, 2010, Dr. Myers completed an Attending Physician's Statement indicating that Plaintiff could sit, stand, and walk for total of 3 hours each during an 8-hour day; occasionally climb and be exposed to temperature changes; frequently bend, squat, stoop, crouch, kneel, be exposed to dust fumes and gases, and be exposed to noise; and never crawl, reach above head, be exposed to heights, be around moving machinery, or drive automotive equipment. Dr. Myers also opined that Plaintiff would need to take unscheduled breaks during an 8- hour working shift, would miss more than four days per month, and could not use her left hand for repetitive action such as simple grasping, pushing/pulling, or fine manipulation. Tr. 500-502

On March 22, 2013, Dr. Howell completed an RFC assessment diagnosing Plaintiff with chronic cervical pain, radiculopathy, migraines, abdominal pains, anxiety, depression, photophobia, and bipolar tendencies. Tr. 1272-1273, 1331-1332. He indicated that Plaintiff could sit for 2 hours in an 8-hour workday and walk/stand for 3 hours each. Dr. Howell concluded that Plaintiff could not use her hands for reaching, pushing/pulling, grasping, fine manipulating, or pushing/pulling or use her feet for operating foot controls; could occasionally reach above head, stoop, be exposed to marked temperature changes, be exposed to dust, fumes, and gases, and be exposed to noise; and, never squat, crawl, crouch, climb, kneel, be exposed to unprotected heights, or be exposed to moving machinery. He also opined that Plaintiff would need unscheduled breaks and to lie down during the work day. Further, Dr. Howell found that Plaintiff would likely miss more than 4 days of work per week, and her symptoms would

6

interfere with her ability to maintain attention and concentration and her ability to deal with work stress.

On May 13, 2013, the ALJ sent Plaintiff to Dr. Ted Honghiran for a consultative orthopedic evaluation. Tr. 1282-1291. His examination revealed a minimal range of motion in her cervical spine, the ability to sit for a total of 4 hours per 8-hour workday and stand/walk for 2 hours per day, and the ability to frequently lift/carry 10-20 pounds. Further, Dr. Honghiran opined that Plaintiff's prognosis was only fair.

Accordingly, after reviewing the record, it is clear to the undersigned that the ALJ's RFC assessment is not supported by substantial evidence. Plaintiff is not able to perform work requiring frequent rotation, flexion, or extension of the neck. It also appears that Plaintiff is unable to use her left hand/arm for reaching, pushing/pulling, grasping, fine manipulating.

## IV.     Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 27th day of October 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE